

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. A. Davis.
State Registrar
Texas State Board of Health
Austin, Texas

Dear Sir:

Opinion No. 0-4172
Re: Use of appropriation made
for "purchase of Dexigraph
machine" to purchase another
photostat machine which does
the same work.

Your letter of October 24 advises that under Item #122 of the State Department of Health appropriation made by the 47th Legislature, there is provided the sum of $3600.00 for "purchase of Dexigraph machine". You state that Dexigraph is the trade-name of the photostat machine manufactured and sold by the Remington-Rand Company, and ask the opinion of this department upon the question of whether the appropriation mentioned can be interpreted as applying to any photostat machine which does exactly the same work.

An appropriation is an authority given by the Legislature to public officials to expend a certain sum of the public moneys, and no more, for a certain purpose, and for no other.

In the item of appropriation mentioned, the Legislature has appropriated $3600.00 for the "purchase of Dexigraph machine". It must be presumed that the Legislature used the words "Dexigraph machine" advisedly.

Article 10 of the Revised Civil Statutes of 1925 provides in part as follows:

"The following rules shall govern in the construction of all civil statutory enactments:

"1. The ordinary signification shall be applied to words, except words of art or words connected with a particular trade or subject matter, when they shall have the signification attached to them by experts in such art or trade, with reference to such subject matter."

You advise that the term "Dexigraph" is a trade-name used only by the Remington-Rand Company; that it is a name which is descriptive only of the photostat machine manufactured and sold by that company. Under such circumstances, the term is plain and unambiguous, and, since there is nothing in the appropriation bill to suggest that it was intended to have other than its ordinary signification, it must be deemed or to have been used by the Legislature in that ordinary signification, and to reflect the Legislative will that the $3600.00 provided should be used for the purchase of a Remington-Rand photostat machine, bearing the trade-name of "Dexigraph", and for no other purpose. Under such circumstances, there is no room for construction; the plain and unambiguous language of the statute must control.

Though, as said by Mr. Justice Holmes, a word is but the "skin of a living thought", the skin must nevertheless operate to confine and define the thought — else language serves no purpose and words have lost their meaning.

Your question is answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

R. W. Fairchild
Assistant

RWT:WFS

